**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kevin Dewane Martin,<br><br>Defendant. | No. CR-08-00433-001-TUC-DCB (GEE)<br><br>**ORDER** |

On July 6, 2020, the Clerk of the Court docketed a letter from the Defendant as a Motion for Reduced Sentence/Early Release and Request for Appointment of Counsel, seeking home confinement due to the Covid-19 pandemic. (Doc. 180.)

Under General Order 20-28, the Federal Public Defender (FPD) reviewed this filing and the public record in this case and reported to the Court that there was no basis for appointment of counsel at this time.

Defendant was indicted, tried and convicted on two counts involving child pornography, in violation of 18 U.S.C. § 2252(a)(1), (a)(4)(B), (b)(1), and (b)(2). (Doc. 1) (Doc. 79). The Court sentenced the Defendant on June 3, 2010, to 80 months in prison. (Doc. 125.)

The FPD report reflects that § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), provides for the Director of the Bureau of Prisons to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under

18 U.S.C. § 3624(c)(2), as the Director determines appropriate. This is not relief the Court may grant. These provisions afford that authority to the director of the Bureau of Prisons.

This Court does have authority, under certain circumstances to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement is mandatory and cannot be waived by a court. (Notice (Doc. 181) at 2-3) (citations omitted). When the FPD reviewed the record, it did not reflect that Mr. Martin had asked the warden of his facility for a sentence reduction on these grounds. Accordingly, the FPD reported no basis for appointment of counsel in seeking a § 3582(c)(1)(A) sentence reduction at this time. *Id.*

Subsequent to the FPD report, the Defendant filed supplemental information that included medical details (Doc. 183) and evidence that he did appeal the administrative denial of his informal request for relief (Doc. 185). *See* Regional Administrative Appeal (Doc. 185) at 3; Response 7/7/2020 from B. Auterson, Acting Warden, with notice to file appeal with BOP Western Regional Office (Doc. 185) at 8; Notice: Receipt of Mailing to Western Regional Office July 22, 2020 (Doc. 185) at 11.)

The Court addresses the merits of the Motion to Reduce Sentence to Home Confinement. The Government filed a Response, which in addition to asserting failure to exhaust, also discussed the merits of Mr. Martin's request. To be eligible for compassionate release, the Defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, within the meaning of the statute; and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A). The statute requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission addressing the merits in the case, including the explicit definition in U.S.S.G. § 1B1.13 for "extraordinary and compelling reasons" that may make a defendant eligible for compassionate release. Relevant here, those include (1) a "terminal illness"; (2) a serious medical condition "that

1  substantially diminishes the ability of the defendant to provide self-care within the
2  environment of a correctional facility and from which he or she is not expected to recover";
3  or (3) a defendant who is at least 65 years old, is experiencing a serious deterioration in
4  physical or mental health because of the aging process, and "has served at least 10 years or
5  75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, n.1
6  (other grounds omitted). The Defendant bears the burden of proving the merits of his
7  request. (Response (Doc. 184) at 5) (citations omitted).

8        Compassionate release is a rare and extraordinary remedy, within a district court's
9  discretion to deny. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)
10 (holding district court did not abuse its discretion by denying compassionate release despite
11 defendant's eligibility for that relief). While the COVID-19 pandemic is a "special
12 circumstance [that] might warrant a change in the conditions of [a defendant's]
13 confinement (including transfer to another facility if those risks are not being adequately
14 addressed," the risks of COVID-19 do not entitle a defendant to release from detention
15 entirely. *United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020). Importantly, "whether
16 or not [a defendant] faces a risk from COVID-19 in prison has no bearing on whether he
17 will be a danger to the community if released." *Id.*

18       The Government argues that the Defendant should be denied compassionate release
19 to home confinement because there are not extraordinary and compelling reasons that
20 justify it; he poses a significant danger to the public, and the § 3553(a) sentencing factors
21 weigh against the Defendant's release and a reduction in his sentence. The Court agrees.

22       The Governments submits evidence which reflects that the facility where the
23 Defendant is house is effectively protecting the health of inmates housed there and treated
24 the six inmates that tested positive for Covid-19. (Response (Doc. 184) at 2 (citing
25 https://www.bop.gov/coronavirus/index.jsp (daily BOP, COVID-19 Coronavirus report)).
26 The Court recognizes that he suffers from hypertension, type 2 diabetes, and chronic kidney
27 disease, which may place him at higher risk of death in the event he contracts COVID-19.
28 Nevertheless, as the BOP did, this Court denies the Defendant's request for compassionate

early release because his conviction was a sex offense for child pornography. He was convicted of serious sex offenses against minors. The Court rejects Defendant's assertion that his offenses were victimless crimes. The pornography looked at by the Defendant was made using real children, who were victimized by an industry which included the Defendant as the consumer of child pornography. The Court agrees with the Government's position that "the defendant's failure to acknowledge the harm his crime causes to his minor victims demonstrates that he remains a danger to the community – and children in particular." (Response (Doc. 184) at 13.)

Finally, the § 3553 sentencing factors, applied by the Court when it sentenced the Defendant have not changed. They weigh against release.

**Accordingly,**

**IT IS ORDERED** that the Motion to Reduce Sentence or Early Release (Doc. 180) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 186) is DENIED.

Dated this 13th day of October, 2020.

David C. Bury
United States District Judge